THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AVTECH CAPITAL, LLC,<br><br>                 Plaintiff,<br><br>v.<br><br>WATTUM MANAGEMENT, INC. and ARSENIY GRUSHA,<br><br>                 Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [10] DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Case No. 2:23-cv-00778-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Defendants Wattum Management, Inc.'s ("Wattum") and Arseniy Grusha's (collectively "Defendants") motion to dismiss Plaintiff Avtech Capital, LLC's ("AVT") claims for breach of contract, breach of guaranty, breach of the covenant of good faith and fair dealing, and claim seeking a writ of replevin.[1] In the alternative, Defendants request a more definite statement.[2] For the following reasons, the court grants Defendants' motion in part and denies it in part.

## BACKGROUND

AVT is an equipment leasing company.[3] On January 13, 2022, AVT entered into a lease agreement with Wattum under which "AVT leased to Wattum certain equipment[.]"[4] Grusha

---

[1] Defs.' Partial Mot. to Dismiss for Failure to State a Claim, or for a More Definite Statement in the Alternative ("Defs.' Mot."), ECF No. 10.
[2] *Id.*
[3] Compl. ¶ 10, ECF No. 1.
[4] *Id.* ¶¶ 11–12.

1

guaranteed the lease.[5] On February 2, 2023, Wattum and AVT entered into an amended lease schedule,[6] to which Grusha consented.[7] Under the amendment, Wattum was to make quarterly payments.[8] The Complaint alleges that Wattum breached its obligations by failing to make one of the quarterly payments.[9] After receiving notice from AVT, neither Wattum nor Grusha has cured the alleged breach.[10]

On October 27, 2023, AVT filed this lawsuit, alleging seven claims: breach of contract and breach of the covenant of good faith and fair dealing against Wattum; breach of contract and breach of the covenant of good faith and fair dealing against Grusha; a claim seeking a writ of replevin; and foreclosure of its security interests against both Wattum and Grusha.[11] Defendants move to dismiss all save the foreclosure claims, and in the alternative seek a more definite statement.[12] This motion was fully briefed on March 14, 2024.[13]

## STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] A claim is plausible "when the plaintiff pleads factual content that

---

[5] *Id.* ¶¶ 13–14.
[6] *Id.* ¶ 15.
[7] *Id.* ¶ 17.
[8] *Id.* ¶ 16.
[9] *Id.* ¶ 18.
[10] *Id.* ¶¶ 19–25.
[11] *Id.* ¶¶ 26–61.
[12] Defs.' Mot.
[13] *See* Pl.'s Mem. in Partial Opp'n to Defs.' Partial Mot. to Dismiss for Failure to State a Claim, or For a More Definite Statement in the Alternative ("Pl.'s Opp'n"), ECF No. 12; Defs.' Reply in Support of its Partial Mot. to Dismiss for Failure to State a Claim, or for a More Definite Statement in the Alternative ("Defs.' Reply"), ECF No. 15. Defendants have requested oral argument. After reviewing the briefing and relevant caselaw, the court has determined that oral argument would not materially assist it in resolving the matter. *See* DUCivR 7-1(g).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The court does not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[16]

Federal Rule of Civil Procedure 12(e) provides for a motion for a more definite statement to a pleading when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before the filing of a responsive pleading and must point out the defects complained of and the details desired."[17]

## DISCUSSION

### I.    Failure to Attach Alleged Contracts to Complaint

Defendants argue that AVT failed to state each challenged claim because it did not attach the alleged contracts to its Complaint.[18] Federal Rule of Civil Procedure 10(c) provides that exhibits may be attached to pleadings.[19] But Defendants have not identified any authority to suggest that an alleged contract must be attached to a pleading when pursuing contract-related claims.[20] Instead, a pleading may nonetheless state a claim based on an unattached document if it

---

[15] *Id.*
[16] *Id.* at 678.
[17] Fed. R. Civ. P. 12(e).
[18] Defs.' Mot. 3–4.
[19] Fed. R. Civ. P. 10(c).
[20] Defendants cite to *Mackay v. Am.'s Wholesale Lender*, No. 2:11-cv-00628, 2012 WL 464648 (D. Utah Feb. 13, 2012). However, in that case, the pleading made a single conclusory allegation of the existence of a contract. *See id.* at *3 ("[The complaint alleges that the parties] entered into a contract, to wit, the loan agreement.' However, [Plaintiff] does not identify this agreement, provide a copy or cite to any term of the agreement. The single reference is all that is said in the complaint about this agreement."). This case does not suggest that a party *must* attach a contract to its pleading when it alleges contract-related claims.

pleads the key terms.[21] Accordingly, the court considers whether the Complaint alleged facts to support each of its claims.

## II.  Breach of Contract

Next, Defendants argue that AVT's claims for breach of contract should be dismissed because the Complaint does not adequately describe the terms of the agreements or the factual circumstances of the parties' relationship.[22] Specifically, Defendants argue that the Complaint does not allege: "the facts and circumstances under which Plaintiff acquired ownership and/or title to the equipment"; "the date on which Plaintiff purportedly acquired ownership to the equipment"; "the full amounts paid by Plaintiff for the equipment and to whom"; and "the documents or writings upon which Plaintiff's claim of ownership is based."[23]

Under Utah law, there are four elements to a breach of contract claim: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[24] Regarding the first element, a valid contract requires an offer, an acceptance, and consideration.[25] The Complaint alleges that AVT entered into contracts with both Wattum and Grusha for the lease of "certain equipment,[26] and that both Defendants executed amendments.[27] This is sufficient for the first element. Next, the Complaint alleges that "AVT has fulfilled all of its obligations" under the lease and guarantee agreements.[28] Defendants do not challenge the

---

[21] *See Beus Gilbert PLLC v. Donald L. Robertson Tr.*, 859 Fed.Appx. 234, 238 (10th Cir. 2021); *see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (4th ed. June 2024 Update) ("[T]here is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based.").
[22] Defs.' Mot. 4–5.
[23] *Id.* at 4.
[24] *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388, *abrogated on other grounds, as recognized in* 2024 UT 10, 546 P.3d 963.
[25] *Wm. Douglas Horne Fam. Revocable Tr. v. Warley/McClachlan Dev., LLC*, 2013 UT App 129, ¶ 17, 304 P.3d 99.
[26] Compl. ¶¶ 11, 13.
[27] *Id.* at ¶¶ 15, 17.
[28] *Id.* ¶¶ 28, 37.

pleading of this element. Third, the Complaint alleges that Wattum was required to make certain payments under the amended lease, and that it failed to make those payments.[29] Likewise, it alleges that Grusha guaranteed Wattum's obligations, and failed to make Wattum's payment.[30] This is sufficient for the third element. And finally, AVT alleges that it is owed damages under the lease.[31] This is sufficient for the fourth element. Therefore, AVT has stated its claims for breach of contract.

Defendants suggest that absent facts pertaining to ownership of the equipment, they are unable to determine AVT's standing to sue or "whether the lease in question is a 'true lease'" "or a disguised security agreement" under the Uniform Commercial Code ("UCC").[32] How ownership of the leased equipment would impact standing is unclear from Defendants' motion. To the contrary, even assuming that AVT did not itself own the leased equipment, it has plausibly alleged facts to suggest injury in fact, causation, and redressability.[33] As to the argument premised on the classification of the lease under the UCC, Defendants do not explain how such classification would impact AVT's claim. Without more, these arguments are without merit.

### III. Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendants argue that AVT's claims for breach of the covenant of good faith and fair dealing claims should be dismissed because AVT does not identify any implied term that was

---

[29] *Id.* ¶¶ 16, 18, 29.
[30] *Id.* ¶¶ 14, 17, 24–25, 38.
[31] AVT does not specify the precise amount, but the alleged facts suggest that the amount is over $1 million. *See id.* ¶¶ 16, 18.
[32] Defs.' Mot. 4.
[33] *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (setting for the Article III standing requirements).

breached.[34] AVT stipulates to the dismissal of these two claims without prejudice.[35] Accordingly, the court does so.

## IV. Replevin

Defendants argue that AVT's replevin claim should be dismissed because AVT never demanded return of the leased equipment, because the legal basis for AVT's claim is unclear, and because the jurisdictional basis for this claim is unclear.[36]

Federal Rule of Civil Procedure 64 provides that "[a]t the commencement of and throughout an action, every remedy [including replevin] is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."[37] Thus, "Rule 64 speaks to provisional remedies prior to judgment."[38] AVT, however, suggests that it "is not seeking a prejudgment writ of replevin" under the Federal Rules of Civil Procedure or Utah Rule of Civil Procedure 64A, but instead is proceeding under Utah Rule of Civil Procedure 64B.[39] Utah Rule of Civil Procedure 64A, like Federal Rule of Civil Procedure 64, only authorizes a writ of replevin as a form of prejudgment remedy.[40] Indeed, it specifically requires that in order to obtain a writ of replevin "plaintiff *shall file a motion*, security as ordered by the court and an affidavit stating facts showing the grounds for relief and other information required by these rules."[41] And Utah Rule of Civil Procedure 64B provides that "*[i]n addition to the grounds required in Rule 64A*, the grounds for a writ of

---

[34] Defs.' Mot. 5–6.
[35] Pl.'s Opp'n 3.
[36] Defs.' Mot. 6–7.
[37] Fed. R. Civ. P. 64(a).
[38] 11A Federal Practice and Procedure § 2931.
[39] Pl.'s Opp'n 10, 7–8.
[40] *See* Utah R. Civ. P. 64A (titled "Prejudgment Writs in General"); *see also* Utah R. Civ. P. 64B.
[41] Utah R. Civ. P. 64A(b) (emphasis added).

replevin require all of the following: (1) that the plaintiff is entitled to possession; and (2) that the defendant wrongfully detains the property."[42] Thus, AVT's suggestion that Rule 64B is untethered to the requirements of Rule 64A is contradicted by the plain text of Rule 64B. In addition, the context of the rules make clear that Rule 64A is an umbrella section, with Rules 64B, 64C, 64D, and 64E being the specific prejudgment writs available.[43]

Thus, contrary to AVT's suggestion, a writ of replevin under either the Federal Rules or Utah Rules is not a "claim for relief" per Federal Rule of Civil Procedure 8; rather, it is a specific form of prejudgment remedy that may be sought by a motion, much like a preliminary injunction. Thus, in order to proceed with a replevin claim, AVT must have an independent source of substantive law.

At common law, replevin was an independent cause of action.[44] The essential elements of replevin are: (1) that the defendant wrongfully possess property; and (2) that the plaintiff is entitled to immediate possession of the property at the time the suit is commenced.[45] In cases where the defendant's initial taking of property was not wrongful "there is no wrongful detention and no right of action until a demand is made and met with refusal."[46] The Complaint alleges that the lease "provides that, upon the occurrence of an event of default" AVT may repossess the leased equipment, and that "Wattum has not returned the" equipment.[47] This is sufficient for the

---

[42] Utah R. Civ. P. 64B(b) (emphasis added).
[43] *See* Utah R. Civ. P. 64A–64E.
[44] *See, e.g.*, *Nielsen v. Hyland*, 170 P. 778, 781 (Utah 1918); *Bush v. Bush*, 184 P. 823, 825 (Utah 1919); *Kunz v. Nelson*, 76 P.2d 577, 581 (Utah 1938); *Pugh v. Stratton*, 450 P.2d 463, 466 (Utah 1969).
[45] *Bush*, 184 P. at 825.
[46] *Pugh*, 450 P.2d at 466 (citing *Woodward v. Edmunds*, 57 P. 848, 849 (Utah 1899). *But see Nielsen*, 170 P. at 780 ("If there is any question as to the sufficiency of the demand, a formal demand was rendered unnecessary by the attitude of the defendants, which clearly evinced that such demand, if made, would not be complied with. . . . In such cases demand is not required.").
[47] Compl. ¶¶ 22–23.

first two elements. But, as a case involving leased property, Wattum's initial possession of the property was not wrongful, thereby triggering the demand element. And the Complaint does not allege that a demand was made and met with refusal. Thus, AVT has not alleged a common-law claim for replevin.

Accordingly, this claim is dismissed without prejudice. The court need not reach the remaining arguments raised by Defendants.

### V.   More Definite Statement

In the alternative to dismissal, Defendants request a more definite statement.[48] Defendants argue that by failing to attach the agreements as exhibits to the Complaint or allege particular facts about the terms of the agreements, Defendants cannot consider their rights and defenses.[49] The Complaint is not so vague and ambiguous that Defendants cannot respond. It alleges facts regarding the parties' relationship; Defendants may admit or deny these facts in good faith. And they may assert whatever defenses might be available to AVT's remaining claims without first consulting the alleged agreements at issue.

While it is both mysterious and unhelpful that AVT did not simply attach the agreements to either its Complaint or its brief in order to promote efficiency and prevent needless issues from arising, that does not mean AVT is legally required to do so at this stage. Accordingly, Defendants' request for a more definite statement is denied.

---

[48] Defs.' Mot. 7.
[49] *Id.*

## ORDER

For the forgoing reasons, the court GRANTS IN PART and DENIES IN PART Defendants' motion.[50] AVT's claims for breach of the implied covenant of good faith and fair dealing and its replevin claim are DISMISSED without prejudice. Defendants' request for a more definite statement is DENIED.

Signed July 16, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[50] ECF No. 10.